**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DAWN M. HELLER, | ) | CASE NO. 5:13 CV 2676 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| PRE PAID LEGAL SERVICES, *et al.*, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Dawn M. Heller filed this action against Pre Paid Legal Services, Ohio Access to Justice, Maguire and Schneider, LLP, Access to Justice, and All John Doe Subsidiaries of the Department of Justice.  In the Complaint, Plaintiff asserts numerous legal claims including legal malpractice, trade name infringement, conspiracy to commit an offense against or defraud the United States, a scheme or habitual conduct involving trade with foreign nations, the Racketeer Influenced Corrupt Organizations (RICO) Act, conspiracy against the United States government, fraud in foreign labor contracting, congressional conspiracy to create laws to prevent civil rights, creation of monopolies by foreign holders in a conspiracy against the United States, and the False Claims Act.  She seeks unspecified injunctive and monetary relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*.  That Application is granted.

## I.      Background

Plaintiff's Complaint consists entirely of legal rhetoric.  There are no factual allegations

in the entire pleading.  In the appendix to her Complaint, which appears to be a letter to the

Committee on Oversight and Government Reform, Plaintiff refers to *Heller v. Pre-Paid Legal*

*Servs., Inc*., No. 26376, 2013 WL 752093 (Ohio App. 9 Dist. Feb. 27, 2013), in which the Ohio

Ninth District Court of Appeals affirmed the dismissal of her case by the Summit County Court

of Common Pleas.[1]  Using the opinion of the Ohio District Court of Appeals as a reference, the

Court was able to glean some information which may or may not be pertinent to this case.

In April, 2011, Plaintiff obtained a membership in a pre-paid legal service, administered

by Pre Paid Legal Services, Inc. ("Pre Paid") and its subsidiary Ohio Access to Justice ("OAJ").

Sometime thereafter, Plaintiff requested legal services regarding a foreclosure matter and a car

accident.  Pre Paid referred the matters to the law firm Maguire and Schneider, LLP

("Maguire"), in Columbus, Ohio which in turn referred the matters to various local attorneys.  It

appears Plaintiff was not satisfied with the legal services rendered by all the attorneys to which

her matters had been referred.  She filed a *pro se* legal malpractice action against Pre Paid, OAJ,

and Maguire in July 2011.  On September 26, 2011, the Summit County Court of Common Pleas

cited an arbitration clause of the membership agreement which required that all disputes or

claims between Plaintiff and Pre–Paid or its affiliates arising out of the contract or services

rendered under the contract to be resolved pursuant to arbitration.  The trial court found that

Maguire was an affiliate of Pre–Paid and OAJ, and dismissed the action for lack of subject

---

[1]   Plaintiff either misreads the opinion or misrepresents the outcome of her appeal.  She
contends that the appellate court reversed the dismissal of her action and remanded the cause
for a re-hearing.  To the contrary, her assignments of error were overruled, and the judgment
of the Summit County Court of Common Pleas was affirmed.  *Id.* at *6.  Plaintiff may be
reading the concurrence and dissent submitted by the Hon. Donna Jean Carr, Judge Ohio Ninth
District Court of Appeals.

matter jurisdiction. Neither party filed an appeal.

In November, 2011, Plaintiff refiled her legal malpractice action in the Summit County Court of Common Pleas against Pre Paid, OAJ, Maguire, and 20 John Doe defendants alleged to have been referred by Maguire to render her legal services pursuant to the membership agreement.  In addition, she sought a declaration from the court that the arbitration clause in her membership agreement was unconscionable and, therefore, unenforceable.  She was represented by counsel in the second lawsuit.  That action was also dismissed.  She attempted to file *pro se* appeals in both the first and second malpractice actions.  The appeal with respect to the first action was denied as untimely.  The appeal with respect to the second action was considered by the court.  On February 27, 2013, the Ninth District Court of Appeals affirmed the decision of the trial court.

Plaintiff then attempted to appeal that decision to this federal District Court.  *See Heller v. Pre Paid Legal Services*, No. 5:13 CV 519 (N.D. Ohio Mar. 27, 2013)(Adams, J.).  That action was dismissed *sua sponte* because federal district courts lack subject matter jurisdiction to consider an appeal from a state court decision.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Plaintiff has now filed this action citing numerous federal statutes in support of claims for "the deprivation of honest services and deprivation of civil rights, tried at lower courts as legal malpractice...[d]eprivation of all civil rights under the color of law...[and] schemes against the US Government in the perpetration of other statutory frauds by linked collusive Holding Companies, their affiliates, subsidiaries, assigns Scheme against the US Government through an act of Congress." (Doc. No. 1 at 6).  She suggests she is refiling the action, but she does not

specify which action she is attempting to refile.  The Complaint contains no factual allegations

and no coherent explanation of why she should be granted relief under the statutes she cites.

## II.        Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law

when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal

interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable

factual basis when the allegations are delusional or rise to the level of the irrational or "wholly

incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A

pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.

The Plaintiff is not required to include detailed factual allegations, but must provide more than

"an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

-4-

will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.    Analysis

Although Plaintiff identifies numerous statutes, she does not allege any facts to suggest how those statutes provide a cause of action for her against these Defendants.  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir.1979) (citation omitted).  Neither the Court nor the Defendants are obligated to search through the Complaint and its exhibits in order to glean factual allegations necessary to fit together a clear and succinct statement of each claim Plaintiff asserts.  It is the Plaintiff's responsibility to edit and organize her claims and supporting allegations into a manageable format.  *Hollon v. Eastern Ky. Correctional Complex,*  No. 10–CV–177–KSF, 2010 WL 2924091, at *2 (E.D.Ky. July 22, 2010); *Laster v. Pramstaller*, No. 08–CV–10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).  Plaintiff lists her causes of action as legal malpractice, trade name infringement, conspiracy to commit an offense against or defraud the United States, a scheme or habitual conduct involving trade with foreign nations, the Racketeer Influenced Corrupt Organizations (RICO) Act, conspiracy against the United States government, fraud in foreign labor contracting, congressional conspiracy to create laws to prevent civil rights, creation of monopolies by foreign holders in a conspiracy against the United States, and the False Claims Act.  Plaintiff provides no

indication of how any of these causes of action apply to her case.  She fails to meet the basic pleading standards to satisfy Federal Civil Procedure Rule 8.

While it may be possible with very liberal construction to see construe an intended legal malpractice claim from the reference to her state law case in an attachment to her Complaint, Plaintiff litigated that claim in state court and is now barred from raising it in federal court. Federal Courts must give the same preclusive effect to a state court judgment as that judgment receives in the rendering state.  28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006).  To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered, in this case Ohio.  *Migra v. Warren City School District Board of Educ.*465 U.S. 75, 81 (1984).

Under Ohio law, the doctrine of *res judicata* dictates that "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them."  *Johnson's Island, Inc. v. Bd. of Twp. Trustees*, 69 Ohio St.2d 241, 243 (1982). Application of the doctrine of *res judicata* does not depend on whether the original claim explored all possible theories of relief.  *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000). Rather, "a valid, final judgment upon the merits of the case bars any subsequent action 'based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim

-6-

preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392 (2008).  Under the Ohio doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava*, 73 Ohio St.3d at 382. The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in a first lawsuit." *Id*.  By contrast, issue preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc*., 80 Ohio St.3d 212, 217 (1997). Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

In the instant action, both issue and claim preclusion prohibit Plaintiff from relitigating this matter in state court.  Pre Paid Legal Services, Ohio Access to Justice, and Maguire and Schneider were all parties to the state court malpractice proceedings and the appeals of those actions.  If Plaintiff were to bring this suit in an Ohio state court to assert another malpractice action, she would be precluded from doing so by the doctrines of issue preclusion and claim preclusion.  She would even be barred from bringing another action under a different legal theory if her action relied on the same set of facts.

Because Plaintiff would be barred from refiling the action in state court, she is also barred from filing the action in federal court.  Federal courts must give the same preclusive effect to the state court judgment as that judgment would receive if the action were filed in state court.

28 U.S.C. § 1738; *Abbott*, 474 F.3d at 330; *Young*, 471 F.3d at 680.  She cannot bypass this state procedural bar by bringing the subsequent action in federal court.   The state court has already decided the malpractice action.  This Court is required to give full faith and credit to that decision.

**IV.      Conclusion**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Date: 5/9/14                                              /s/ John R. Adams
                                                         JOHN R. ADAMS
                                                         UNITED STATES DISTRICT JUDGE

---

[2]      28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-8-